The order below is hereby signed.

Signed: March 11, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| ANDRE CHREKY, | ) | Case No. 10-00268 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| RONNIE BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-10038 |
| ANDRE CHREKY, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |
| | ) | |
| | ) | |
| | ) | |

MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

The court held a hearing on Plaintiff's Motion for Summary Judgment (Dkt. No. 5) on February 16, 2011. In her motion for summary judgment, plaintiff argues that a judgment debt she obtained against the defendant in a sexual harassment and retaliation case in the United States District Court is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) as a matter of

law.  In the district court case, the jury found for the plaintiff on her claims of sexual harassment and retaliation against the defendant, Andre Chreky, and the company that operated the salon that employed the plaintiff, Andre Chreky, Inc..  Plaintiff specifically argues that the doctrine of collateral estoppel applies in this proceeding and that the jury's finding that the defendant was liable for compensatory and punitive damages for sexual harassment and retaliation against the plaintiff precludes relitigation of the issue of whether the defendant committed a "willful and malicious injury" under 11 U.S.C. § 523(a)(6).  In support of her motion, the plaintiff attached as exhibits the jury verdict form and jury instructions from the district court case.

At the hearing, the court noted its difficulty in giving collateral estoppel effect to the district court judgment because it was unclear from the jury verdict form and jury instructions that the jury necessarily found that the debtor caused a "willful and malicious injury" to the plaintiff under section 523(a)(6).  Although the jury's finding of sexual harassment and retaliation may have implied that the defendant committed a willful and malicious injury to the plaintiff, See In re Porter, 363 B.R. 78, 88-89 (Bankr. E.D. Ark. 2007), aff'd 375 B.R. 822 (B.A.P. 8th Cir. 2007), aff'd 539 F.3d 889 (8th Cir. 2008), this court, unlike the court in Porter, does not have a trial transcript from

which it can determine what the jury necessarily found.[1]

Accordingly, for these reasons, it is

ORDERED that the motion for summary judgment is denied without prejudice.[2]

[Signed and dated above.]

Copies to: All counsel of record.

---

[1] In the <u>Porter</u> case, the plaintiff attached the trial transcript as an exhibit to her motion for summary judgment. <u>See In re Porter</u>, 363 B.R. at 80.

[2] The court has not elected to recommend the withdrawal of the reference under DCt. LBR 5011-2(a). Even if the reference were withdrawn, a lack of a transcript might still require a denial of any motion for summary judgment.

3